UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHARLES E. SINK

                      Plaintiff,                            16-cv-1094 (NSR) (PED)
      -against-

                                                           OPINION & ORDER
NANCY BERRYHILL, *acting Commissioner of
Social Security*
                    Defendant.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      Charles E. Sink ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying his application for Social Security Income ("SSI"). Both Plaintiff and Defendant have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 18 & 21.) This case was referred to Magistrate Judge Paul E. Davison and, on July 6, 2017, Judge Davison issued a Report and Recommendation ("R & R," ECF No. 25) pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b) recommending that Plaintiff's motion be granted to the extent that the case should be remanded to the Commissioner and that Defendant's motion be denied. For the following reasons, this Court adopts in part Judge Davison's R & R, DENIES Defendant's motion for judgment on the pleadings, and GRANTS Plaintiff's motion for judgment on the pleadings.

## BACKGROUND

      The facts are taken from the R & R, unless otherwise noted. The Court assumes familiarity with the underlying facts concerning Plaintiff's disability, as set forth in the R & R.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/2019

On February 23, 2013, Plaintiff applied for SSI on the basis of his alleged disability which began on November 1, 2012. Plaintiff's application was denied on May 29, 2013, prompting Plaintiff to request a hearing before an Administrative Law Judge ("ALJ"). The ALJ hearing was held on July 16, 2014. On October 31, 2014, the ALJ issued a decision denying Plaintiff's application and concluding that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review on December 24, 2015, and Plaintiff timely filed the instant action on February 16, 2016. (ECF No. 4.)

Plaintiff and Defendant each filed a motion for judgment on the pleadings on August 29, 2016. On July 6, 2017, Judge Davison issued the R & R, recommending that this Court grant Plaintiff's motion, remand the case for further administrative proceedings, and deny Defendant's motion. On August 3, 2017, Defendant filed timely written objections to the R & R, and Plaintiff filed a response to Defendant's written objection on August 17, 2017. (ECF Nos. 28 & 29.)

**STANDARD OF REVIEW**

I. **Review of a Report and Recommendation**

The Federal Rules of Civil Procedure provide that a magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1). If so designated, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." *Id*.; *accord* 28 U.S.C. § 636(b)(1). When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court may also "adopt those portions of the [Report and Recommendation] to which no objections have been made and which are not facially erroneous."

*West v. Sheahan*, No. 12-CV-08270, 2016 WL 67789, at *1 (S.D.N.Y. Jan. 4, 2016) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)).

However, when a specific objection is made, the district court must review the contested sections *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich,* No. 04-CV-5061(RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks and citations omitted). Objections must be "specific and clearly aimed at particular findings" in the Report and Recommendation. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

## II. Review of a social security claim

Judicial review of social security claims is limited. *Brush v. Berryhill*, 294 F. Supp. 3d 241, 253 (S.D.N.Y. 2018). It is not for the reviewing court "to determine for itself whether the plaintiff was disabled, and therefore entitled to Social Security benefits." *Burke v. Comm'r of Soc. Sec.*, No. 16-CV-6520(KMK)(PED), 2017 WL 6029166, at *2 (S.D.N.Y. Dec. 5, 2017) (citing *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). Rather, "the reviewing court considers merely 'whether the correct legal standards were applied and whether substantial evidence supports the decision.' " *Id.* (quoting *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part by* 416 F.3d 101 (2d Cir. 2005)); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam). Accordingly, an ALJ's determination is final unless it was "based on legal error" or is "not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation marks omitted).

When considering whether substantial evidence supports the ALJ's decision, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted).  Nevertheless, "substantial evidence" remains a "very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation omitted).  "If evidence is susceptible to more than one rational interpretation, the [ALJ's] conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (citation omitted).  "It is not for this Court to substitute its own judgment for that of the [ALJ], even if it might justifiably have reached a different result upon *de novo* review." *Ortiz v. Berryhill*, No. 17-CV-4751(RWS), 2018 WL 3360755, at *7 (S.D.N.Y. July 10, 2018) (internal quotation marks omitted) (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)).

"However, where the proper legal standards have not been applied and might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Velez v. Colvin*, No. 14-CV-3084(CS)(JCM), 2017 WL 1831103, at *15 (S.D.N.Y. May 5, 2017) (internal quotation marks omitted) (citing *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004)).  Rather, if the Court determines that the ALJ has applied an improper legal standard, a remand for further proceedings is warranted. *Id.*

## MAGISTRATE'S FINDINGS

Judge Davison found that the ALJ had committed legal error in reaching her decision.  As a threshold matter, Judge Davison noted that Dr. Sami Yasin's treatment records were not

4

considered in the R & R "because they are irrelevant to the issues before this Court (and neither party suggests otherwise.)"  (R & R p. 3 n.3.)

First, the ALJ failed to properly apply the treating physician rule.  The treating physician rule requires ALJs to give the medical opinion of a claimant's treating physician controlling weight so long as that opinion is well supported by medical conclusions and is not inconsistent with other substantial evidence.  *See Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).  Judge Davison found that the ALJ improperly applied the treating physician rule to Dr. Garcia's and Dr. Burt's opinions because she gave those opinions "little evidentiary weight" without good reasons.  (R & R pp. 29 – 30.)  Judge Davison noted that the ALJ relied on an overbroad characterization of the Plaintiff's abilities to perform tasks.  Moreover, the ALJ failed to adequately develop the record and did not seek out Dr. Garcia's or Dr. Burt's missing notes even though their absence created an "obvious gap" in the record.  (*Id.* pp. 31 – 32.)

Second, the ALJ did not apply proper credibility to Plaintiff's reports of pain.  (*Id.* p. 33.)  In determining that Plaintiff's allegations of his symptoms were not "wholly credible," the ALJ again overstated Plaintiff's abilities.  (*Id.* p. 35.)  Additionally, the ALJ's decision "seemingly ignores" that Plaintiff received pain relief treatment in the forms of physical therapy and trigger point injections.  (*Id.* p. 36.)  Judge Davison concluded by noting that the ALJ's credibility findings "cannot be sustained without further inquiry into the conditions that may have caused him to experience debilitating symptoms."  (*Id.*)

## DISCUSSION OF OBJECTIONS

### I. Treatment records of Dr. Sami Yasin

Defendant's first objection to the R & R is that Judge Davison should have considered Dr. Yasin's treatment records.  The Court agrees.  The ALJ considered medical treatment records

5

from Dr. Yasin in determining that Plaintiff's right knee injury was not a severe impairment. (ALJ Decision pp. 18 – 19, ECF No. 11-2.). Additionally, Dr. Yasin's treatment records are from the relevant time period and include examinations of Plaintiff's alleged disabilities.[1] Therefore, on *de novo* review, the Court will consider Dr. Yasin's records.

## II. Treating physician rule

Defendant also objects to the R & R because the ALJ properly applied the treating physician rule to Dr. Garcia's and Dr. Burt's opinions and provided good reasons for giving those opinions little weight.

In weighing medical evidence, the ALJ must employ the treating physician rule. *Gunter v. Comm'r of Soc. Sec.*, 361 F. App'x 197, 199 (2d Cir. 2010). "The treating physician rule provides that an ALJ should defer [ ] 'to the views of the physician who has engaged in the primary treatment of the claimant.' " *Cichoki v. Astrue*, 534 F. App'x 71, 74 (2d Cir. 2013) (summ. order) (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003)); *see also* 20 C.F.R. § 404.1527(c)(2). As long as a medical opinion of a claimant's treating physician is well supported by medical findings and not inconsistent with other substantial evidence, that opinion has controlling weight. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

However, "the deference accorded to a treating physician's opinion may be reduced upon consideration of [certain] factors," including:

> the length and nature of the treating doctor's relationship with the patient, the extent to which the medical evidence supports the doctor's opinion, whether the doctor is a specialist, the consistency of the opinion with the rest of the medical record, and any other factors "which tend to . . . contradict the opinion."

*Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) (summ. order) (quoting 20 C.F.R. § 404.1527(c)(2)(i)–(ii) and (c)(3)–(6)); *see also Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir.

---

[1] The record indicates that Plaintiff filed for SSI in part due to his knee pain. (Explanation of Determination p. 6, ECF No. 11-4.)

6

2013). While conflicting opinions from other medical experts may form the basis for discrediting a treating physician's findings, "not all expert opinions rise to the level of evidence that is sufficiently substantial to undermine the opinion of the treating physician," particularly where such opinions are "rendered after limited to no contact with the claimant." *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 121(2d Cir. 2018) (summ. order) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 – 29 (2d Cir. 2008)) (citing *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013)).

If the Commissioner decides to assign less than controlling weight to a treating physician's opinions, she must always provide "good reasons" for that determination. 20 C.F.R. § 404.1527(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). The requirement that the Commissioner provide good reasons is particularly important in cases where, as here, ALJs issue decisions unfavorable to claimants because those reasons allow claimants to better understand the dispositions of their cases. *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).

In her decision, the ALJ identified several reasons for giving little weight to Dr. Burt's and Dr. Garcia's opinions: (1) the opinions are not supported by the medical evidence in the record[2]; (2) Dr. Burt "failed to submit any treatment records to support his assessment"; (3) both Dr. Garcia and Dr. Burt found Plaintiff to be disabled prior to the period when disability was

---

[2] Dr. Burt determined that Plaintiff was "totally disabled secondary to significant exertional and manipulative limitations secondary to lumbar pain in August 2014." (ALJ Decision, p. 21); (Administrative R. pp. 61 – 77, ECF No. 11-10.) He also determined that Plaintiff's symptoms would likely increase if he was placed in a competitive work environment, and he wrote "can't work [at] all due to pain." (Administrative R. p. 64.) Similarly, Dr. Garcia determined that Plaintiff's lower back pain was severe enough to interfere with his attention and concentration and that Plaintiff was incapable of low stress work due to constant pain. (ALJ Decision p. 21); (Administrative R. pp. 88 – 96, ECF No. 11-8.) In contrast, the ALJ noted that Dr. Jose Corvalan found that Plaintiff was in no acute distress after performing a consultative examination of Plaintiff in 2013 and that physical therapy improved Plaintiff's condition. (ALJ Decision pp. 18 & 20.) Also, Dr. Yasin confirmed an earlier determination that Plaintiff had a full range of motion in his right knee. (*Id.* p. 19.)

7

alleged; and (4) their opinions were inconsistent with Plaintiff's "level of activities." (ALJ Decision pp. 23 – 24.)

While these could constitute "good reasons" for giving little weight to Dr. Garcia's and Dr. Burt's opinions assuming the ALJ considered a fully developed record, the Court agrees with Judge Davison that the ALJ did not satisfy her duty to develop the record and therefore could not properly apply the treating physician rule. (R & R pp. 31 – 33.) The ALJ should have requested missing treatment notes from Dr. Burt.

Defendant contends that the ALJ fulfilled her duty to develop the record because she requested medical records from the medical facility employing both Dr. Garcia and Dr. Burt on two occasions and she held the record open to receive additional documents at the July 2014 hearing. Defendant also points out that Plaintiff identified Dr. Burt as one of his doctors for the first time in his post-hearing submission of Dr. Burt's questionnaire. However, as Judge Davison indicates, an ALJ has an affirmative duty to develop the record. *Drake v. Astrue,* 443 F. App'x. 653, 656 (2d Cir. 2011). As part of this obligation, pursuant to 20 C.F.R. § 416.912(d), the ALJ must make "every reasonable effort"[3] to obtain medical records from a claimant's physician whether the claimant is represented by counsel or proceeds on a *pro se* basis. *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996).

Here, the ALJ did not satisfy her duty to adequately develop the record. The record showed that Dr. Garcia treated Plaintiff twice weekly from November 2012 through mid-June 2013, but Dr. Garcia's last treatment note in the record is from April 10, 2013. (Administrative

---

[3] "Every reasonable effort" is defined as an initial request, followed by a subsequent request within twenty calendar days if the evidence has not been received. *Id.*; *see Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir. 1999) ("[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history . . . .").

R. p. 89, ECF No. 11-8.) It does not appear that the ALJ sought the specific missing records when she noticed or should have noticed that they were missing from the record. This alone may not be error requiring remand. However, the ALJ's failure to request any records for Dr. Burt was a failure to meet her duty to develop the record, and remand is warranted. The fact that the ALJ was not aware of Dr. Burt until after the hearing did not absolve the ALJ from her affirmative duty to seek additional records. *See Ayer v. Astrue*, No. 11-CV-83, 2012 WL 381784, at *6 (D. Vt. Feb. 6, 2012) (holding that the ALJ did not fully develop the record when he failed to inquire after "two documents" referenced at the hearing and failed to make a request for those documents after the hearing); *Caplan v. Astrue*, No. 05-CV-3695, 2009 WL 691922, at *7 (E.D.N.Y. Mar. 15, 2009) (holding that the ALJ failed to discharge the duty to develop the record by not seeking additional documents to verify whether a doctor had sufficient evidence to support the doctor's conclusions presented in a post-hearing report). Dr. Burt's Disability Impairment Questionnaire indicated that he had been regularly treating Plaintiff since November 1, 2012, but the record contained no treatment notes from Dr. Burt. (Administrative R. p. 61, ECF No. 11-10); (R & R p. 32.) This absence should have prompted the ALJ to seek additional records; instead, the ALJ considered Dr. Burt's questionnaire but assigned it "little weight" without ever attempting to gain access to his notes or records Although "it is not *per se* error" for an ALJ to make a disability determination without having sought out the complete opinions of the claimant's treating physician, *Rivera v. Comm'r of Soc. Sec.*, No. 14-CV-6567(KPF), 2015 WL 6619367, at *11 (S.D.N.Y. Oct. 30, 2015), here, the ALJ erred because the additional information could have changed her conclusion.

"[A]n ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." *Petrie v. Astrue*, 412 F. App'x 401, 406, (2d

Cir. 2011) (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)). The ALJ failed to make sufficient attempts to fill the gaps in Dr. Burt's notes and therefore did not satisfy her duty to develop the record.[4]

Separately, the Court upholds the ALJ's characterization of Plaintiff's activities. Judge Davison determined that the ALJ mischaracterized Plaintiff's reported activities as reflecting "an ability to engage in a broad range of activities." (R & R p. 30.) However, the ALJ specified that Plaintiff's activities included "performing rigorous household chores, which require substantial postural and exertional capabilities." (ALJ Decision p. 21 – 22.) Earlier in the decision, the ALJ notes that Plaintiff's self-described daily activities "are not limiting to the extent one would expect" and that Plaintiff stated that he cooks, cleans, does laundry, socializes, attends church every week, cares for pets, drives for short distances, and does out to dinner.[5] (*Id.* p. 20.) The

---

[4] Defendant argues that, even without additional medical records, there is sufficient evidence in the overall record for the ALJ's findings. However, this argument does not address the absence of, in particular, Dr. Burt's notes, and the possibility that consideration of those notes would have changed the application of the treating physician rule. The treating physician rule and the duty to develop the record are "inextricably linked." *Lacava v. Astrue*, No. 11-CV-7727(WHP)(SN), 2012 WL 6621731, at *13 (S.D.N.Y. Nov. 27, 2012) ; *see Batista v. Barnhart*, 326 F. Supp. 2d 345, 353 (E.D.N.Y. 2004).

[5] Plaintiff argues that "it is well-established that the ability to perform some sporadic activities of daily living such as caring for one's home and one's own hygiene is not equivalent with working a full-time job." (Pl.'s Resp. to Def's Obj. to the Magistrate Judge's R. & R. p. 3, ECF No. 29); *Balsamo v. Chater,* 142 F.3d 75, 81 (2d Cir.1998) (noting that a claimant does not need to be incapable of performing any daily activities in order to receive disability benefits). However, the activities described by the ALJ, and by Plaintiff in his hearing testimony, are more than isolated tasks of self-care. Plaintiff testified that on a "typical day," suggesting that he could perform these tasks on a daily basis, he washes and dresses himself and performs household tasks, including pulling weeds which usually takes a couple of hours. He also said that he goes to the grocery store with his wife multiple times per week, out to dinner, and to church once a week. (Pl.'s Hr'g Test. pp. 39 – 40 & 44, ECF No. 11-2.) In *Garner v. Colvin*, the claimant testified that, although prolonged standing was painful, she showered and dressed herself, cleaned her home, and cared for her children. No. 14-CV-602(GLS), 2015 WL 5537688, at *2 (N.D.N.Y. Sept. 18, 2015). The ALJ concluded that these activities showed that the claimant engaged in "a reasonably normal level of daily activities," and the ALJ issued an unfavorable decision denying the requested benefits. *Id.* at *1 – 2. The court determined that the ALJ properly considered the claimant's activities and that the ALJ's characterization of the claimant's activity level was supported by substantial evidence. *Id.* at *2, 5. Similar to the claimant in *Garner*, Plaintiff testified that he washes and dresses himself and performs some household chores and, like the ALJ in that case, the ALJ here properly considered those activities and determined that they indicated a broad range of activity.

10

ALJ's determination that Plaintiff could engage in a broad range of activities was not the result of an improper application of the law and was supported by substantial evidence.[6] In the Court's limited role, therefore, it cannot upset the ALJ's interpretation of Plaintiff's self-reported activities.

### III. Credibility of Plaintiff's complaints

Defendant argues that the ALJ appropriately assessed the credibility of Plaintiff's reports of pain and other limitations when determining his residual functional capacity ("RFC") and that the ALJ's credibility determination was supported by substantial evidence.

In determining whether a claimant who suffers from a severe impairment nonetheless has the RFC to perform available work, "an ALJ is required to take the claimant's reports of pain and other limitations into account." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (citing 20 C.F.R. § 416.929). The ALJ is not required, however, "to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id.* (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)). First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Id.* (citing 20 C.F.R. § 404.1529(b) ). Second, if the ALJ determines that the claimant does suffer from such an impairment, "the ALJ must [then] consider 'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of record." *Id.* (quoting 20 C.F.R. § 404.1529(a) ). At this step—in addition to the objective medical evidence—the ALJ must consider:

---

[6] Substantial evidence is a very deferential form of review. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation omitted). "If evidence is susceptible to more than one rational interpretation, the [ALJ's] conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (citation omitted).

11

> (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain.

*Meadors v. Astrue*, 370 F. App'x 179, 184 n.1 (2d Cir. 2010) (citing 20 C.F.R. § 404.1529(c)(3)(i)–(vii)).

"[T]he court must uphold the ALJ's decision to discount a claimant's subjective complaints" so long as the finding is supported by substantial evidence. *Osorio v. Barnhart*, No. 04-CV-7515(DLC), 2006 WL 1464193, at *6 (S.D.N.Y. May. 30, 2006) (internal quotation marks omitted). The ALJ is required, however, to set forth any credibility determination "with sufficient specificity to permit intelligible review of the record." *Peña v. Astrue*, No. 07-CV-11099(GWG), 2008 WL 5111317, at *10 (S.D.N.Y. Dec. 3, 2008) (internal quotation marks omitted) (quoting *Williams v. Bowen*, 859 F.2d 255, 260–61 (2d Cir. 1988)); *see also Cautillo v. Berryhill*, No. 17-CV-1356(KPF)(DCF), 2018 WL 1305717, at *17 (S.D.N.Y. Mar. 12, 2018) ("The ALJ must . . . include specific reasons for [his or her] finding on credibility, supported by the evidence in the case record and the reasons must make it sufficiently clear for a reviewer to determine the weight the ALJ gave to the [claimant's] statements and the reasons for that weight.").

The ALJ was unable to adequately assess Plaintiff's credibility because she had not met her duty of developing the record. The ALJ determined that, while medical evidence shows that Plaintiff had impairments that could have reasonably caused his alleged symptoms, Plaintiff's reports were not wholly credible. (ALJ Decision, p. 21.) According to the ALJ, there was not sufficient medical evidence to support the severity of Plaintiff's allegations, Plaintiff's

allegations were inconsistent with his daily activities, Plaintiff has not been prescribed medication or been referred for pain management evaluation, Plaintiff's symptoms improved after physical therapy, and Plaintiff collected unemployment benefits after the alleged onset date of his disability. (*Id.* pp. 21 – 23.) As discussed above, the Court cannot disturb the ALJ's finding that Plaintiff's daily activities were substantial. Although, as Judge Davison points out, the ALJ's decision does not consider that the physical therapy and injections Plaintiff received were directed, in part, at relieving Plaintiff's pain, this omission alone would not be sufficient for the Court to remand this case. (ALJ Decision, p. 22.) However, after *de novo* review and determining that the ALJ did not adequately develop the record, the Court agrees with Judge Davison that the "ALJ's findings regarding [P]laintiff's credibility cannot be sustained without further inquiry into the conditions that may have caused him to experience debilitating symptoms." (R & R p. 36.) *See Prince v. Berryhill*, 304 F. Supp. 3d 281, 291 – 92 (D. Conn. 2018) (holding that an ALJ failed to develop the record and therefore could not assess the plaintiff's credibility); *Pluck v. Astrue*, No. 10-CV-2042(JG), 2011 WL 917654, at *20 (E.D.N.Y. Mar. 9, 2011) (remanding a case and noting that the ALJ "must sufficiently examine and develop the record to appropriately assess [the claimant]'s credibility").

Therefore, due to the ALJ's failure to satisfy her duty to develop the record, and consequentially her inability to properly apply the treating physician rule or assess Plaintiff's credibility, the Court remands this case so that the ALJ may sufficiently develop the record and appropriately apply the treating physician rule and adequately assess Plaintiff's credibility. *See Moran v. Astrue*, 569 F.3d 108, 114 – 15 (2d Cir. 2009) ("We vacate not because the ALJ's decision was not supported by substantial evidence but because the ALJ should have developed a

more comprehensive record before making his decision."); *Price ex rel. A.N. v. Astrue*, 42 F. Supp. 3d 423, 434 (E.D.N.Y. 2014); *Pluck*, 2011 WL 917654 at *20.

## CONCLUSION

For the reasons stated above, this Court adopts in part Judge Davison's R & R. Plaintiff's motion for judgment on the pleadings is GRANTED and Defendant's cross-motion for judgment on the pleadings is DENIED. The case is remanded to the Social Security Administration for further proceedings consistent with this Opinion to address the aforementioned gaps in the administrative record. The Clerk of the Court is respectfully requested to terminate the motions at ECF Nos. 18 and 21. The Clerk of the Court is also respectfully directed to close this case.

Dated: April 29, 2019　　　　　　　　SO ORDERED:
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge