UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES E. SINK,

                        Plaintiff,                          **DECISION AND ORDER**

         -against-                                    16 Civ. 1094 (NSR)(PED)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------------X
**PAUL E. DAVISON, U.S.M.J.**:

Presently before this Court is plaintiff's Motion for Attorney's Fees (Dkt. #36), pursuant to a contingent fee agreement and 42 U.S.C. § 406(b). Plaintiff seeks an award of attorney's fees in the amount of $44,751.90, equal to 25% of the retroactive benefits awarded to him. Dkt. #38 (plaintiff's Memorandum of Law). For the reasons that follow, plaintiff's motion is **GRANTED**.

## I. BACKGROUND[1]

In February 2013, plaintiff Charles E. Sink filed an application for Social Security Disability Benefits, alleging that he had been disabled since November 1, 2012. After his claim was administratively denied, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On July 16, 2014, a hearing was held before ALJ Katherine Edgell. On October 31, 2014, ALJ Edgell issued a written decision in which she concluded that plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final order of the Commissioner on December 24, 2015, when the Appeals Council denied plaintiff's

---

[1] The background information is drawn from plaintiff's Affirmation in support of the instant motion (Dkt. #37) and is undisputed. Familiarity with the entire record is presumed.

request for review.

On February 8, 2016, plaintiff retained the Law Offices of Charles E. Binder & Harry J. Binder, Attorneys at Law, LLP ("Binder & Binder") to challenge the Commissioner's final decision in the United States District Court. Dkt. #37-1, at 2-3. Plaintiff engaged Binder & Binder on a contingency basis and agreed to pay the firm up to 25% of any award of past-due benefits. Id. at 2, ¶ 3 ("If the Court remands the case to SSA for further administrative proceedings, . . . [and plaintiff] is awarded past due benefits . . ., [Binder & Binder] may apply for fees under 42 U.S.C. § 406(a) and/or § 406(b). These fees will not exceed 25% of the past due benefits . . . .").

On February 16, 2016, plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 405(g). Dkt. #4. On July 16, 2017, the undersigned issued a Report and Recommendation ("R&R") to the Honorable Nelson Stephen Román, recommending remand for further proceedings. Dkt. #25. On April 29, 2019, Judge Román adopted the R&R in part and remanded the case. Dkt. #32. On July 26, 2019, the Court So Ordered a stipulation between the parties, awarding plaintiff attorney's fees and expenses in the amount of $5,980.75 pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412. Dkt. #35.

On February 10, 2020, pursuant to this Court's remand, a hearing was held before ALJ Sharda Singh. On April 2, 2020, ALJ Singh issued a written Fully Favorable decision finding plaintiff disabled since November 1, 2012 (his alleged onset date). By Notice of Award dated April 25, 2020, the Social Security Administration advised plaintiff that he was entitled to monthly disability benefits as of April 2013 and awarded $134,111.10 in past due benefits owed through April 2020. Dkt. #37-1, at 7-8. Plaintiff was also awarded ongoing monthly benefits (beginning May 2020) in the amount of $2,112.00. Id. at 8. A total of $44,751.90 was withheld

(25% of the past due benefits) to pay a potential § 406(b) request for attorney's fees. Id. at 9.

Plaintiff now seeks an award of attorney's fees equal to the total amount withheld, pursuant to the contingency fee agreement and 42 U.S.C. § 406(b). In support of his motion, plaintiff submits contemporaneous time records demonstrating that his counsel (Charles E. Binder, Eddy Pierre Pierre and Daniel S. Jones) expended a total of 30.50 hours in the federal court proceeding. Dkt. #37-1, at 5. If plaintiff's counsel is awarded contingency fees, counsel will remit $5,980.75 to plaintiff, representing the amount of fees previously paid under the EAJA. Dkt. #37, at 4.

## II. LEGAL STANDARD

"Whenever a court renders a judgment favorable to a claimant under [the Social Security Act] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has explained that "§ 406(b) does not displace contingent-fee agreements" but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Thus, the Section 406(b) analysis of reasonableness "must begin with the [contingency fee] agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).

"To determine whether a contingency fee is unreasonable, a district court should consider: (I) whether the contingency percentage is within the 25% cap; (ii) whether there has been fraud or overreaching in making the agreement; and (iii) whether the requested amount is

-3-

so large as to be a windfall to the attorney." Long v. Comm'r of Soc. Sec., No. 18 Civ. 1146, 2020 WL 6545904, at *2 (E.D.N.Y. Nov. 6, 2020) (quotation marks omitted) (quoting Wells, 907 F.2d at 372). With respect to the "windfall" factor, courts in this Circuit consider:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Richardson v. Berryhill, No. 19 Civ. 1408, 2020 WL 6049598, at *2 (S.D.N.Y. Sept. 25, 2020) (quotation and citation omitted), *report and recommendation adopted sub nom.*, 2020 WL 6049028 (S.D.N.Y. Oct. 13, 2020). Moreover, in assessing the reasonableness of the contingency fee agreement, "a court should also balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated and continue litigating disability benefits cases." Bate v. Berryhill, No. 18 Civ. 1229, 2020 WL 728784, at *2 (S.D.N.Y. Feb. 13, 2020) (citations omitted).

### III. ANALYSIS

Plaintiff seeks attorney's fees in the amount of $44,751.90, representing 25% of past benefits awarded and resulting in a de facto hourly rate of approximately $1,467.00 for 30.50 hours of attorney time. The Commissioner does not oppose plaintiff's motion (and "defers to the Court's sound discretion"), but offers the following observations: (1) the amount of fees sought is within the 25% statutory cap; (2) plaintiff agreed to a 25% contingency fee; (3) there is no evidence of fraud or overreaching; (4) the de facto hourly rate requested by plaintiff's counsel is within a range of rates variously "approved and disapproved" in this Circuit; and (5) "courts have cautioned that, given the factors that courts consider when determining reasonableness,

imputed hourly rates are frequently misleading in these cases." Dkt. #39, at 3-4 (citations omitted).

    Here, upon consideration of the reasonableness factors and defendant's point of view, I find that the amount of the requested fee is reasonable.  First, as defendant points out, the amount sought is within the statutory cap and there is no evidence of fraud or overreaching.  Second, the pleadings were not boilerplate and involved nuanced arguments that required legal research.  Third, counsel's litigation efforts "resulted in the case being remanded to the Commissioner for further proceedings, which led to the substantial Award for [p]laintiff . . . [C]ounsel did not delay the proceedings in any way that might have artificially increased past due benefits and consequently the potential attorneys' fees award."  Richardson, 2020 WL 6049598, at *3.  Fourth, while the statutory attorney's fees are based solely on past-due benefits, "[t]he value of this case to [p]laintiff is greater than the amount of past due benefits received, since [p]laintiff will receive not only the past due benefits owed, but also ongoing benefits until he dies, reaches retirement age, or is no longer disabled."  Rice v. Comm'r of Soc. Sec., No. 1:15-CV-00959, 2019 WL 180668, at *3 (W.D.N.Y. Jan. 14, 2019).  Fifth, although the de facto hourly rate is on the higher side, courts within this Circuit have held that similar de facto hourly rates are not a windfall to plaintiff's counsel.  See Caudy v. Colvin, No. 13 Civ. 2314, 2020 WL 5440471, at *3 (S.D.N.Y. Sept. 9, 2020) (hourly rate of $1,004.48 reasonable); Janangelo v. Saul, No. 3:17-CV-01496, 2020 WL 3071828, at *2-3 (D. Conn. June 10, 2020) (hourly rate of $1,046.32 reasonable); Bate, 2020 WL 728784, at *3 (awarding de facto rate of $1,506.32); Begej v. Berryhill, No. 3:14-CV-128, 2019 WL 2183105, at *2 (D. Conn. May 21, 2019) (hourly rate of $1,289.06 reasonable); Valle v. Colvin, No. 13 Civ. 2876, 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (awarding de facto rate of $1079.72); Eric K. v. Berryhill, No.

5:15-CV-00845, 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) (hourly rate of $1,500 reasonable); Nieves v. Colvin, No. 13 Civ. 1439, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017), *report and recommendation adopted*, 2018 WL 565720 (S.D.N.Y. Jan. 24, 2018) (hourly rate of $1,009.11 reasonable); Torres v. Colvin, No. 11 Civ. 5309), 2014 WL 909765, at *3-6 (S.D.N.Y. Mar. 6, 2014) (approving fee award at de facto hourly rate of $1,000 and collecting cases approving similar awards); Kazanjian v. Astrue, No. 09 Civ. 3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (hourly rate of $2,100 reasonable).

"Moreover, courts within this district also recognize that there will be some number of cases in which plaintiffs' attorneys receive no fee at all (because their client does not prevail), and thus, as a result of the risks undertaken, an imputed hourly rate is often not helpful in determining the reasonableness of the requested fee." Kazanjian, 2011 WL 2847439, at *2. Further, "based on counsel's experience with social security cases, they should not be penalized for working efficiently in this case compared to other attorneys who might have taken longer to perform the same work." Bate, 2020 WL 728784, at *3. Finally, "rejecting an award based solely on the de facto hourly rate would ignore the numerous other objectives this scheme was intended to promote, including efficient work by experienced attorneys, appreciation for the risks involved in Social Security cases, incentive to represent litigants who could not otherwise afford counsel, and respect for fee agreements." Caudy, 2020 WL 5440471, at *3 (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $44,751.90 is **GRANTED**. Upon receipt of this sum, counsel for

plaintiff shall refund the previously awarded $5,980.75 in attorney's fees, under the EAJA, directly to Mr. Sink.

The Clerk of the Court is directed to terminate the pending motion (Dkt. #36).

Dated: November  20 , 2020           **SO ORDERED.**
       White Plains, New York

                                                                          PAUL E. DAVISON, U.S.M.J.